UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J.L. SUMMERS** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-3162** |
| **KENTON, OH POLICEA ET AL.** | **SECTION "I"** |

## ORDER

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure filed by defendants, Kenton Ohio Police Department and the City of Kenton ("defendants"). *Pro se* plaintiff, J.L. Summers ("Summers"), opposes[2] the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On an unknown date, Summers was traveling to Detroit, Michigan, from New Orleans, Louisiana, on Interstate 75 in Ohio when he was involved in a "hit and run" collision[3] with an "18 wheeler."[4] A law enforcement officer from the Kenton Ohio Police Department allegedly responded to the accident.[5] According to Summers, the officer "gave [him] a ticket and said if [Summers] did not pay [he] would [be] going to jail."[6] Consequently, Summers filed the above-

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 14.
[3] R. Doc. No. 14.
[4] R. Doc. No. 1, p. 1.
[5] R. Doc. No. 1, p. 1.
[6] R. Doc. No. 1, p. 1.

captioned matter on December 29, 2011.[7] He alleges that defendants are liable for "pain and suffering," a "back injury," and "damages to [his] truck."[8]

Defendants answered Summers' complaint by filing this motion to dismiss. Pursuant to Rule 12(b)(2), defendants argue that this Court does not have personal jurisdiction and, consequently, it cannot hear this matter.[9] Furthermore, defendants assert that the Eastern District of Louisiana is not the proper venue for this dispute pursuant to Rule 12(b)(3).[10] Summers has informed the Court that he opposes[11] the defendants' motion to dismiss, but he has not provided a substantive response to the legal arguments that the defendants have asserted.[12]

## *LAW AND ANALYSIS*

### I. Personal Jurisdiction

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction [pursuant to Rule 12(b)(2)], the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Where, as here, the Court rules without conducting an evidentiary hearing, the plaintiff bears the burden of establishing a *prima facie* case that the Court has jurisdiction over a defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).[13] If the defendant disputes the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or any combination of the

---
[7] R. Doc. No. 1.
[8] R. Doc. No. 1, p. 3.
[9] R. Doc. No. 9-1, pp. 2-3.
[10] R. Doc. No. 9-1, pp. 3-4.
[11] R. Doc. No. 14.
[12] R. Doc. No. 14.
[13] While the plaintiff must ultimately demonstrate that jurisdiction is proper by a preponderance of the evidence, courts are permitted to defer the resolution of that question until trial to allow it to be resolved along with the merits. *See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co*., 517 F.3d 235, 241 (5th Cir. 2008).

recognized methods of discovery to help it resolve the jurisdictional issue." *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (citations and quotations omitted). The court should not, however, act as a fact finder and it must construe all disputed facts in the plaintiff's favor. *Id.*

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). As "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits," the Court need only consider the second step of the inquiry. *Walk Haydel*, 517 F.3d at 242-43 (citing *A & L Energy, Inc. v. Pegasus Grp.*, 791 So.2d 1266, 1270 (La. 2001)).

As the Fifth Circuit has recently summarized,

> The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414, 104 S.Ct. 1868 n.9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414, 104 S.Ct. 1868 n.8.

*Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (footnote omitted).

The constitutional requirements for specific jurisdiction may be satisfied by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Luv n' care*, 438 F.3d

at 469 (quoting *Int'l Shoe Co.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Specific personal jurisdiction is a claim-specific inquiry. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim. . . . [T]he Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006).

The Fifth Circuit follows a three-step analysis for specific jurisdiction. First, the Court must determine "whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[14] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. *Luv n' care*, 438 F.3d at 470 (quoting *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil*, 481 F.3d at 312 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Second, the Court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Nuovo Pignone*, 310 F.3d at 378. The proper focus of the personal jurisdiction analysis is on the "relationship among the defendant, the

---

[14] "The 'minimum contacts' requirement can be established through contacts sufficient to assert either specific or general jurisdiction." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

forum, and the litigation." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008) (citation omitted).

Third, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 482). In this inquiry the Court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care*, 438 F.3d at 473. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Johnston*, 523 F.3d at 615 (citing *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)) (internal quotations and brackets omitted). "The relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit which is brought there." *Id.* (quoting *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 630 (5th Cir. 1999)).

Summers does not allege any facts that would allow this Court to exercise either general or specific personal jurisdiction over the defendants. The accident which forms the basis of this matter occurred in Ohio. Summers was voluntarily present in Ohio at the time of the accident because he was driving from Detroit to New Orleans. Defendants' alleged conduct – issuing the citation to Summers – occurred in Ohio. Following the accident, Summers returned to Louisiana. Consequently, the only contact tying the accident and, by extension, the defendants, to Louisiana is Summers' decision to travel from Ohio to New Orleans. Accordingly, this Court cannot exercise general personal jurisdiction because Summers has not shown that defendants'

contacts with Louisiana are "continuous and systematic." *Luv n' care*, 438 F.3d at 469 (quoting *Helicopteros*, 466 U.S. at 415).[15]

Furthermore, Summers cannot establish even the threshold "minimum contacts" factor in the Fifth Circuit's three-step analysis for specific personal jurisdiction. *See Seiferth*, 472 F.3d at 271 (stating that if "the plaintiff successfully satisfies the first two prongs [with respect to a defendant's minimum contacts with the forum and whether the action arises from defendant's contacts], the burden shifts to the defendant to defeat jurisdiction"). First, defendants never "purposefully directed" their activities toward Louisiana; defendants purportedly cited Summers because he allegedly caused an accident while he was within defendants' law enforcement jurisdiction. *Nuovo Pignone*, 310 F.3d at 378. Second, defendants never "purposefully availed [themselves] of the privileges of conducting activities" in Louisiana because defendants never conducted any acitivities in Louisiana. *Id.* The only link between the Ohio defendants and Louisiana is Summers' "unilateral" return to Louisiana following the accident. *See Irving v. Owens-Corning Fiberglas Corp.*, 864 F.2d 383, 385 (5th Cir. 1989). The Court finds that, even construing every possible inference in Summers' favor, defendants could not "reasonably anticipate[] being haled into court" in Louisiana. *Luv n' care*, 438 F.3d at 470 (quoting *World Wide Volkswagen*, 444 U.S. at 297). Summers has not shown that the Ohio defendants have "minimum contacts" with Louisiana. This Court does not have specific personal jurisdiction over the Ohio defendants and dismissal pursuant to Rule 12(b)(2) is proper.

---

[15] The Court also notes that defendants were not personally served in Louisiana; they were served in Ohio via the U.S. Mail. *See Luv n'* care, 438 F.3d at 469 n.2 ("Federal courts may also always assume jurisdiction over a defendant in any action in which there is personal, in-state service of process."); *see also* R. Doc. No. 8.

## II. Venue

Rule 12(b)(3) authorizes a defendant to move for dismissal due to "improper venue." Fed. R. Civ. P. 12(b)(3). Dismissal for improper venue is governed by 28 U.S.C. § 1406. Pursuant to § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

When challenged, the plaintiff bears the burden to establish that the district he chose is a proper venue.[16] *See Perez v. Pan American Life Ins. Co.*, 1995 WL 696803, at *2 (5th Cir. Oct. 20, 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519 (N.D. Tex. 1990) ("When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought.")). On a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007). Further, in deciding whether venue is proper, the court may look outside of

---

[16] With respect to which party bears the burden of proof on a Rule 12(b)(3) motion to dismiss for improper venue, the Court recognizes that the jurisprudence of U.S. District Courts in the Fifth Circuit is inconsistent. *Compare LAS Enters., Inc. v. Accu-Systems, Inc.*, 2011 WL 6697043, at *4 (E.D. La. Dec. 20, 2011) (Lemmon, J.) (holding that the movant bears the burden of demonstrating that venue is defective), *and Halter Marine, Inc. v. Padgett–Swann Mach. Co., Inc.*, 1996 WL 361528, at *4 (E.D. La. June 27, 1996) (Vance, J.) (stating that the defendant bears the burden of proving that venue is improper), *with Burkitt v. Flawless Records, Inc.*, 2005 WL 6225822, at *3 (E.D. La. June 13, 2005) (Africk, J.) ("When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue."), *Langton v. CBeyond Commc'n, L.L.C.,* 282 F.Supp.2d 504, 508 (E.D.Tex. 2003) ("Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff."), *and Smith v. Forenberry*, 903 F.Supp 1018, 1020 (E.D. La. 1995) (Jones, J.) (holding that when an objection is raised, plaintiff carries the burden of showing that venue is proper).
     Wright and Miller counsel that " 'the better view,' and the position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue." Wright, Miller & Cooper, 14D *Federal Practice & Procedure: Jurisdiction*, § 3826 (3d ed. 2007); *see also Ross v. Digioia*, 2012 WL 72703, at *2 n.4 (E.D. La. Jan. 10, 2012) (Vance, J.) (acknowledging the split in authority and holding that the burden is on the plaintiff; *Vaughn Med. Equip. Repair Serv., L.L.C. v. Jordan Reses Supply Co.*, 2010 WL 3488244, at *4 n.3 (E.D. La. Aug. 26, 2010) (Berrigan, J.) (same).

7

the complete and the attachments thereto. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 130 S.Ct. 1054 (2010).

Venue must be established for each defendant. *See Burkitt v. Flawless Records, Inc.*, 2005 WL 6225822, at *3 (E.D. La. June 13, 2005) (Africk, J.) (holding that venue must be established for each defendant) (citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001) ("It is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant.")).

Pursuant to 28 U.S.C. § 1391(a), venue is proper in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Summers has not alleged any facts which establish that the Eastern District of Louisiana is a proper venue with respect to any subsection of § 1391(a). All defendants are from Ohio. 28 U.S.C. § 1391(a)(1). The events giving rising to this matter occurred in Ohio. 28 U.S.C. § 1391(a)(2). No defendant is subject to personal jurisdiction in the Eastern District of Louisiana. 28 U.S.C. § 1391(a)(3); *see also* the Court's discussion regarding personal jurisdiction, *supra* pp. 2-6. Consequently, pursuant to Rule 12(b)(3), dismissal due to improper venue is appropriate.

*CONCLUSION*

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED** and that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction and improper venue, respectively.

New Orleans, Louisiana, May 2, 2012.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**